978 So.2d 280 (2008)
Sherla PIERRE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4484.
District Court of Appeal of Florida, Fourth District.
April 16, 2008.
Carey Haughwout, Public Defender, and Christine C. Geraghty, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Y. McIntire, Assistant *281 Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant Sherla Pierre appeals a final order of judgment and sentence for two counts of attempted robbery with a firearm, two counts of aggravated assault with a deadly weapon and one count of aggravated battery with a deadly weapon. Pierre argues the trial court erred in denying her motion for judgment of acquittal as to the aggravated battery charge and in denying her 3.800(b) motion to correct the sentencing order to correctly reflect her convictions. We are unpersuaded by Pierre's argument regarding the trial court's denial of her motion for judgment of acquittal but agree the trial court erred in denying her 3.800(b) motion to correct an error on the judgment sheet and remand for entry of a corrected judgment sheet.
Pierre was convicted of two counts of attempted robbery with a firearm, a second degree felony. However, the sentencing order indicated she was convicted of two counts of robbery with a firearm, a first degree felony. In this case, the trial court denied the motion because the convictions were correctly listed on the court disposition form. The convictions are also listed correctly on the criminal scoresheet. However, the judgment sheet incorrectly indicates Pierre was convicted of a first degree felony, robbery with a firearm, rather than attempted robbery with a firearm, a second degree felony. As the judgment sheet is incorrect, the trial court erred in denying Pierre's 3.800(b) motion. We remand the case to the trial court to correct the scrivener's error on the judgment sheet. See Tedesco v. State, 893 So.2d 660 (Fla. 4th DCA 2005). Appellant need not be present for entry of the corrected judgment.
SHAHOOD, C.J., and MAY, J., concur.